KAZEROUNI LAW GROUP, APC
Abbas Kazerounian, Esq. (249203)
ak@kazlg.com
Matthew M. Loker, Esq. (279939)
ml@kazlg.com
Ali Sadrarhami, Esq. (316141)
ali@kazlg.com
Elizabeth A. Wagner, Esq. (317098)
elizabeth@kazlg.com
245 Fischer Avenue, Ste. D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

HYDE & SWIGART
Joshua B. Swigart, Esq. (225557)
josh@westcoastlitigation.com
2221 Camino Del Rio South, Ste. 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

*Attorneys for Plaintiff,*
Cinnamon Sims

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **CINNAMON SIMS,**<br><br>                    Plaintiffs,<br><br>          v.<br><br>**PEAK LEGAL ADVOCATES; SENTRY SERVICING, LLC; ROBERT B. KATZ & ASSOCIATES, INC.; DEBT PAY GATEWAY, INC.; AND, VERITAS LEGAL PLAN, INC.,**<br><br>                    Defendants. | **Case No.:**<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF:**<br>I.   **CREDIT REPAIR ORGANIZATIONS ACT, 15 U.S.C. § 1679** *ET SEQ.***;**<br>II.  **CALIFORNIA BUSINESS & PROFESSIONS CODE § 17200** *ET SEQ.***;**<br>III. **NEGLIGENT MISREPRESENTATION;**<br>IV.  **INTENTIONAL MISREPRESENTATION;**<br>V.   **NEGLIGENCE; AND,**<br>VI.  **BREACH OF CONTRACT**<br><br>**JURY TRIAL DEMANDED** |

///

///

KAZEROUNI LAW GROUP
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

### INTRODUCTION

1. This is an individual action brought by Plaintiff, CINNAMON SIMS ("Plaintiff") a debtor who purchased regulated debt management services from Defendants, PEAK LEGAL ADVOCATES; SENTRY SERVICING, LLC; ROBERT B. KATZ & ASSOCIATES, INC.; DEBT PAY GATEWAY, INC.; AND VERITAS LEGAL PLAN, INC. (collectively "Defendants"). Plaintiff, by and through Plaintiff's attorneys, brings this action to challenge Defendants' unfair business practices and Defendants' unlawful conduct as a credit repair organization offering credit repair services, which conduct caused Plaintiff damages.

2. In enacting the Credit Repair Organizations Act, 15 U.S.C. § 1679 *et seq.* ("CROA"), Congress declared that "[c]ertain advertising and business practices of some companies engaged in the business of credit repair services have worked a financial hardship upon consumers, particularly those of limited economic means and who are inexperienced in credit matters." 15 U.S.C. § 1679(a)(2).

3. The purposes of the CROA is (1) to ensure that prospective buyers of the services of credit repair organizations are provided with the information necessary to make an informed decision regarding the purchase of such services; and (2) to protect the public from unfair or deceptive advertising and business practices by credit repair organizations. 15 U.S.C. § 1679(b)(1); 15 U.S.C. § 1679(b)(2).

4. CROA prohibits a variety of false and misleading statements, and fraud, by credit repair organizations ("CROs"). CROs may not receive payment before any promised service is "fully performed." Services must be under written contract, which must include detailed descriptions of services and contract performance time. CROs must provide consumers with separate written disclosure statements describing the consumer's rights before entering into the

contract. Consumers can sue to recover the greater of the amount paid or actual damages, punitive damages, costs, and attorney's fees for violations.

5. Plaintiff allegess that Defendants operate an elaborate scheme to defraud debtors that preys on consumers who are drowning in credit card and unsecured debt. Defendants target debtors, specifically those with larger debts, who are unable to make minimum payments or who will soon be unable to make such payments.

6. Defendants fraudulently claim to act as a debt settlement company that offers debt settlement services in an attempt to avoid strict consumer protection regulations enacted to protect vulnerable and unknowing consumer debtors.

7. Plaintiff alleges that Defendant violated: (i) the Credit Repair Organizations Act ("CROA"), 15 U.S.C. § 1679, *et seq*.; (ii) California's Unfair Competition Law ("UCL"), California Business & Professions Code § 17200, *et seq*.; (iii) negligent misrepresentation; (iv) intentional misrepresentation; (v) negligence; and (vi) breach of contract.

8. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

9. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

10. Unless otherwise indicated, the use of any Defendants' name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of that defendant named.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

## JURISDICTION AND VENUE

11. This action arises out of Defendants' violations of (i) the Credit Repair Organizations Act ("CROA"), 15 U.S.C. § 1679, *et seq*.; (ii) California's Unfair Competition Law ("UCL"), California Business & Professions Code § 17200, *et seq*.; (iii) negligent misrepresentation; (iv) intentional misrepresentation; (v) negligence; and, breach of contract.

12. Jurisdiction of this Court arises over Plaintiffs' claims under the Credit Repair Organizations Act, 15 U.S.C. § 1679, *et seq*.; pursuant to 28 U.S.C. § 1331, and pursuant to 28 U.S.C. § 1367 for supplemental state claims.

13. Because Defendants each conduct business within the State of California, personal jurisdiction is established.

14. Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in the County of Orange, State of California which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; (iii) the agreement entered into between Defendants and Plaintiff was executed in this county; and (iv) Defendants conduct business within this judicial district.

## PARTIES

15. Plaintiff is a natural person who resides in the County of Orange, State of California, who contracted with Defendants based on Defendants' representations that it would sell, provide, or perform a service for the purpose of advising or assisting Plaintiff to improve Plaintiff's consumer credit record, history, or rating.

16. Plaintiff is informed and believe, and thereon alleges, that Defendants are a "credit repair organization" as defined by 15 U.S.C. § 1679a(3)(A) providing credit repair services as defined by 15 U.S.C. § 1679b.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

17. Plaintiff and Defendants are each "person[s]" as defined by California Business & Professions Code § 17201. California Business & Professions Code § 17206 authorizes a private right of action on both an individual and representative basis. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1693a(6).

18. Defendants' products also constitute "services" as defined pursuant to Civil Code Section 1761(b).

19. Defendant Peak Legal Advocates ("Defendant Peak") is an unknown entity that conducts business in the State of California with its principal offices located at 1008 National Blvd., #200, Los Angeles, California 90034.

20. Defendant Sentry Servicing, LLC ("Defendant Sentry") is a California limited liability company that conducts business in the State of California with its principal offices located at 302 Washington Street, #150-1575, San Diego, CA 92103.

21. Defendant Robert B. Katz & Associates, Inc. ("Defendant Katz") is a Nevada corporation that conducts business in the State of California with its principal offices located at 15233 Ventura Blvd., Ste. 500, Sherman Oaks, CA 91403.

22. Defendant Debt Pay Gateway ("Defendant Gateway") is a California corporation that conducts business in the State of California with its principal offices located at 120 Birmingham Drive, Suite 245, Cardiff, California 92007.

23. Defendant Veritas Legal Plan, Inc. ("Defendant Veritas") is a Florida corporation that conducts business in the State of California with its principal offices located at 205 Boyton Beach, Florida 33435.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

### FACTUAL ALLEGATIONS

24. Sometime prior to 2016, Plaintiff is alleged to have incurred certain financial obligations to several original creditors that were money, property, or their equivalent, which are due or owing, or alleged to be due or owing, from a natural person to another person and were therefore debts.

25. At all relevant times, Defendants were in the business of providing debt reduction services to consumers, with Defendant Peak and Defendant Katz claiming to be "a solution to your debt problems."

26. Defendant Peak and Katz represent that they are "committed to providing the highest level of legal services."

27. Defendant Sentry represents that they have a team of individuals "fully trained, certified and ready for your unique situation;" however, it is unclear what exactly said individuals are "certified" in.

28. Defendant Sentry also claims to offer "premier debt relief programs" where the consumer "never pay[s] a fee until [the consumer] get[s] the savings."

29. Defendants each act as debt negotiators on behalf of consumers, advertising that it can help those who owe large amounts of unsecured debts by negotiating their debts with creditors, generally within 2 to 4 years, ultimately settling for less than what consumers initially owed.

30. Defendant Sentry claims to have a team of "certified" individuals who are ready to assist any "unique" situation. However, these individuals holding no specialized certifications in debt management. Defendant Sentry's employees are misrepresented as neutral providers of information, when in fact they are sales representatives who actively promote Defendant Sentry's program and hold no special certification other than employment with Defendant Sentry.

31. Consumers deciding whether to enroll in Defendants' programs are told that their credit score, credit rating, or credit history will be negatively affected by not making credit payments, but are assured that Defendants' program will

**PLAINTIFF CINNAMON SIMS' COMPLAINT FOR DAMAGES**

reduce the consumer's debt ultimately resulting in a better credit score.

32. First, Defendant calculates its estimated fees based on the consumer's total enrolled debt. Then, Defendant creates a "Payment Schedule" where the consumer is to pay monthly fees through Defendant Gateway.

33. Plaintiff's payment schedule consists of a "Performance Fee" of $127.83; a "Custodial Fee" of $9.75 and a fee entitled "Savings" that varied from $340.90 to 553.90.

34. Defendant Gateway is to "receive and process payments, make authorized disbursements, and provide on-line transaction management and accounting information."

35. To date, Defendant Gateway failed to make any disbursements. The status of Plaintiff's money is unknown.

36. Consumers who enroll in Defendants' program must also authorize Defendants to communicate with creditors and permit Defendants to discuss any and all details of their financial situation, for the purpose of negotiating settlements and permit Defendants to obtain records, debt validations, and credit reports in connection with the debts enrolled in said program.

37. Prior to November of 2016, Plaintiff spoke with Defendant Peak's certified employees about the debt settlement program.

38. Defendant Peak then prepared a "Representation Agreement" (hereafter "the Agreement") for Plaintiff which Plaintiff signed on November 17, 2016.

39. The Agreement included a payment schedule with monthly fees from November 2016 through June 2018.

40. Per the agreement, Plaintiff began making payments with the expectation that Defendants would attempt to negotiate Plaintiff's debts and eventually improve Plaintiff's credit score.

41. Plaintiff's total monthly payments varied between $478.48 and $691.48.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

42. Defendants never acted on Plaintiff's behalf nor did the Defendants ever settle or attempt to settle any accounts on Plaintiff's behalf.

43. To date, on information and belief, Defendants merely took Plaintiff's money and failed to perform pursuant to Defendants' oral representations and any of the written terms contained in the contract.

44. Subsequently, Plaintiff received a Summons indicating that one of Plaintiff's alleged creditors was suing her.

45. As a result, at the direction of Defendants, Plaintiff retained Defendant Veritas to represent Plaintiff in defending said matter.

46. Defendant Veritas failed to represent Plaintiff by failing to show up to any court hearings or contact Plaintiff regarding said representation.

47. To date, on information and belief, Plaintiff has been sued as a result of Defendants' inaction as follows:

- KwikCash, Inc. v. Sims; Case No.: 30-2017-00899328-SC-SC-HNB; Filed on: January 20, 2017

- Dollar Loan Center v. Sims; Case No.: 30-2017-00907106-SC-SC-CJC; Filed on: March 28, 2017

- LVNV Funding, LLC v. Sims; Case No.: 30-201800971307-CL-CL-CJC; Filed on: February 5, 2018

48. As a result of Defendants' combined inaction, Plaintiff received two judgments against her in the KwikCash and Dollar Loan Center matters.

49. Plaintiff was then retained Kazerouni Law Group, APC to represent Plaintiff in the LVNV matter. This cost Plaintiff additional time and money.

50. Furthermore, during the duration of Plaintiff's relationship with Defendants, performance and custodial fees were taken out on a monthly basis.

51. As Defendants never performed at all pursuant to any of the contractual agreements Plaintiff entered into with Defendants, said fees were improperly taken from Plaintiff.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

52. The performance and custodial fees do not correspond with action taken by any of the Defendants in this action.

53. Through this conduct Defendants have caused Plaintiff damages including but not limited to, lost money and property, inconvenience, and emotional distress.

54. Through this conduct, Defendants violated 15 U.S.C. § 1679b(a)(3) by making an untrue or misleading representation regarding its credit repair and debt settlement services.

55. Through this conduct, Defendants violated 15 U.S.C. § 1679b(a)(4) by engaging directly or indirectly in any act, practice, or course of business that constitutes or results in the commission or attempt to commit a fraud or deception on a person in connection with the sale of Defendants' credit repair and debt settlement services.

56. Through this conduct, Defendants violated 15 U.S.C. § 1679b(b) by charging or receiving payment in advance for the performance of services the Defendants had agreed to perform for Plaintiff before the service was fully performed.

57. Through this conduct, Defendants violated California Business and Professions Code § 17200, *et seq.* and engaged in business practices that are unlawful because they violate the Credit Repair Organizations Act ("CROA"), 15 U.S.C. § 1679, *et seq.*.

58. Through this conduct, Defendants violated California Business and Professions Code § 17200, *et seq.* and engaged in business practices that are unfair because Defendants did not fully disclose material information regarding its program to Plaintiff and had Plaintiff pay for additional services that Defendants still failed to provide.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

59. As a result of its unfair business practices, Defendants each gain a competitive advantage over competitors who comply with the CROA and Bus. & Prof. Code § 17200, thereby receiving more money from, and causing injury to, unsuspecting consumers.

60. Alternatively, Defendants engaged in a pattern of "unfair" business practices that violate the wording and intent of the abovementioned statute/s by engaging in practices that are immoral, unethical, oppressive or unscrupulous, and against public policy, the utility of such conduct, if any, being far outweighed by the harm done to consumers.

61. Through this conduct, Defendants violated California Business and Professions Code § 17200, *et seq.* and engaged in business practices that are deceptive because Defendants misrepresented the services they provide.

62. Beginning at a date currently unknown and continuing up through the time of this Complaint, Defendants engaged in acts of unfair competition, including those described above and herein, prohibited and in violation of Bus. & Prof. Code § 17200, *et seq.*, by engaging in a pattern of "fraudulent" business practices within the meaning of Bus. & Prof. Code § 17200, *et seq.*

63. Defendants' conduct is likely to deceive the public who are likely to believe that Defendants may contractually charge a performance fee and a custodial fee to consumers to increase their monthly payments, even though those fees exceed those permitted by contract or law and are not reflective of any action actually taken by Defendants.

64. Moreover, Defendants misrepresent to the general public that its sales representatives are unbiased and "certified" when these individuals hold no specialized certifications and actively promote Defendants' program.

65. As a result of each and every violation of the UCL, Plaintiff is entitled to damages pursuant to Cal. Bus. & Prof. Code § 17200, *et seq.* as a result of Defendants' unlawful, unfair, and deceptive business practices. Defendants are liable to make restitution of such charges, including interest on the liquidated sum from the date of payment plus interest.

66. Defendants' advertising is unfair, deceptive, untrue or misleading in that consumers are led to believe that they are working with "certified" employees when those individuals are merely Defendants' sales representatives.

67. Consumers are further misled into believing that Defendants' program will ultimately result in a net benefit to their credit score, report, or rating as long as they fully participate and make the scheduled deposits as calculated by Defendants.

68. Plaintiffs, reasonable consumers, and the public would likely be, and, in fact were, deceived and misled by Defendants' advertising that participating in its program for the duration calculated by Defendant would reduce Plaintiffs' debt and improve Plaintiffs' long-term credit score, credit report, or credit rating.

69. Defendants' unlawful, unfair, and fraudulent business practices and unfair, deceptive, untrue or misleading advertising present a continuing threat to the public because Defendants continue to engage in unlawful, unfair, and deceptive conduct that harms consumers.

70. Defendants engaged in these unlawful, unfair, and fraudulent business practices motivated solely by Defendants' self-interest with the primary purpose of collecting unlawful and unauthorized monies from Plaintiff; thereby unjustly enriching Defendants.

71. Such acts and omissions by Defendants are unlawful and/or unfair and/or fraudulent and constitute a violation of Business & Professions Code section 17200, *et seq.*.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

72. As a direct and proximate result of the aforementioned acts and representations described above and herein, Defendants received and continues to receive an unfair competitive advantage and unearned commercial benefits at the expense of its competitors and the public.

73. Through this conduct, Defendants violated California Business and Professions Code § 17200, *et seq*. by engaging in business practices that are unlawful, unfair, or fraudulent.

74. As a direct and proximate result of Defendants' unlawful, unfair and fraudulent conduct described herein, Defendants have been and will continue to be unjustly enriched by the receipt of ill-gotten gains from customers, including Plaintiffs, who unwittingly provided money to Defendants based on Defendants' misleading representations.

75. Plaintiff suffered an "injury in fact" because Plaintiff's money was taken by Defendants as a result of Defendants' false representations set forth on Defendants' Products.

CAUSES OF ACTION CLAIMED BY PLAINTIFFS
COUNT I
VIOLATIONS OF THE CREDIT REPAIR ORGANIZATIONS ACT
15 U.S.C. §§ 1679, *ET SEQ*. (CROA)

76. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

77. The foregoing acts and omissions constitute numerous and multiple violations of the CROA.

78. Defendants are each a CRO because it counsels and advises consumers of the benefits and drawbacks of different types of credit repair services and then instructs consumers to take a course of action – to cease making credit payments – which will alter the consumer's credit rating, credit history, or credit score.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

79. Moreover, Defendants convince consumers to enroll in its program based on the misleading representation that its program is superior to other services, despite the immediate negative credit implications, because consumers will be able to reduce their debt load, ultimately resulting in improvement of their credit worthiness.

80. As a result of each and every violation of the CROA, Plaintiff requests actual damages, punitive damages, and attorney's fees pursuant to 15 U.S.C. § 1679g.

### COUNT II
### VIOLATIONS OF CALIFORNIA'S UNFAIR COMPETITION LAW
### BUS. & PROF. CODE § 17200, *ET SEQ.* (UCL)

81. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

82. The foregoing acts and omissions constitute numerous and multiple violations of the California's Unfair Competition Law ("UCL").

83. "Unfair competition" is defined by Business and Professions Code Section § 17200 as encompassing several types of business "wrongs," including: (1) an "unlawful" business act or practice, (2) an "unfair" business act or practice, (3) a "fraudulent" business act or practice, and (4) "unfair, deceptive, untrue or misleading advertising." The definitions in § 17200 are drafted in the disjunctive, meaning that each of these "wrongs" operates independently from the others.

84. By and through Defendants' conduct alleged herein, Defendants each engaged in conduct which constitutes unlawful, unfair, and/or fraudulent business practices, and unfair, deceptive, untrue or misleading advertising prohibited by Bus. & Prof. Code § 17200, *et seq*.

## A. "Unlawful Prong"

85.  Beginning at a date currently unknown through the time of the filing of this Complaint, Defendants have committed acts of unfair competition, including those described above, by engaging in a pattern of "unlawful" business practices, within the meaning of Bus. & Prof. Code § 17200, *et seq.*.

86.  Through this conduct, Defendants violated California Business and Professions Code § 17200, *et seq.* and engaged in business practices that are unlawful because they violate the Credit Repair Organizations Act ("CROA"), 15 U.S.C. § 1679, *et seq.*

## B. "Unfair" Prong

87.  Beginning at a date currently unknown and continuing up through the time of this Complaint, Defendants have committed acts of unfair competition that are prohibited by Bus. & Prof. Code section 17200, *et seq.*.

88.  Through this conduct, Defendants violated California Business and Professions Code § 17200, *et seq.* and engaged in business practices that are unfair because Defendants did not fully disclose material information regarding its program to Plaintiff and pressured Plaintiff to agree to additional services for additional fees when said services were never rendered and Defendants had no intention of ever providing Plaintiff with said services.

89.  As a result of its unfair business practices, Defendants gain a competitive advantage over competitors who comply with the CROA and Bus. & Prof. Code § 17200, thereby receiving more money from, and causing injury to, unsuspecting consumers.

90.  Alternatively, Defendants engaged in a pattern of "unfair" business practices that violate the wording and intent of the abovementioned statute/s by engaging in practices that are immoral, unethical, oppressive or unscrupulous, and against public policy, the utility of such conduct, if any, being far outweighed by the harm done to consumers.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

### C. "Fraudulent" Prong

91. Beginning at a date currently unknown and continuing up through the time of this Complaint, Defendants engaged in acts of unfair competition, including those described above and herein, prohibited and in violation of Bus. & Prof. Code § 17200, *et seq.*, by engaging in a pattern of "fraudulent" business practices within the meaning of Bus. & Prof. Code § 17200, *et seq.*.

92. Defendants' conduct is likely to deceive members of the public who are likely to believe that Defendants may contractually charge a performance fee, custodial fee, or pressure consumers to purchase additional services, even though the fees exceed that permitted by contract or law and no additional services were ever provided.

93. Moreover, Defendants misrepresent to the general public that its sales representatives are "certified" when these individuals hold no specialized certifications and actively promote Defendants' program.

94. As a result of each and every violation of the UCL, Plaintiff is entitled to damages pursuant to Cal. Bus. & Prof. Code § 17200, *et seq.* as a result of Defendants' unlawful, unfair, and deceptive business practices. Defendants are liable to make restitution of such charges, including interest on the liquidated sum from the date of payment plus interest.

### D. "Unfair, Deceptive, Untrue, or Misleading Advertising" Prong

95. Defendants' advertising is unfair, deceptive, untrue or misleading in that consumers are led to believe that they are working with "certified" employees when those individuals are merely Defendants' sales representatives.

96. Consumers are further misled into believing that Defendants' program will ultimately result in a net benefit to their credit score, report, or rating as long as they fully participate and make the scheduled payments as calculated by Defendants.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

97. Plaintiff, a reasonable consumer, and the public would likely be, and, in fact were, deceived and misled by Defendants' advertising that participating in its program for the duration calculated by Defendants would reduce Plaintiff's debt and ultimately improve Plaintiff's long-term credit score, credit report, or credit rating.

98. Defendants' unlawful, unfair, and fraudulent business practices and unfair, deceptive, untrue or misleading advertising present a continuing threat to the public because Defendants continue to engage in unlawful, unfair, and deceptive conduct that harms consumers.

99. Defendants engaged in these unlawful, unfair, and fraudulent business practices motivated solely by Defendants' self-interest with the primary purpose of collecting unlawful and unauthorized monies from Plaintiff; thereby unjustly enriching Defendants.

100. Such acts and omissions by Defendants are unlawful and/or unfair and/or fraudulent and constitute a violation of Business & Professions Code section 17200, *et seq.*.

101. As a direct and proximate result of the aforementioned acts and representations described above and herein, Defendants received and continue to receive an unfair competitive advantage and unearned commercial benefits at the expense of its competitors and the public.

102. Through this conduct, Defendants violated California Business and Professions Code § 17200, *et seq.* by engaging in business practices that are unlawful, unfair, or fraudulent.

103. As a direct and proximate result of Defendants' unlawful, unfair and fraudulent conduct described herein, Defendants have been and will continue to be unjustly enriched by the receipt of ill-gotten gains from customers, including Plaintiff, who unwittingly provided money to Defendants based on Defendants' misleading representations.

104. Plaintiff suffered an "injury in fact" because Plaintiff's money was taken by Defendants as a result of Defendants' false representations set forth on the Defendants' Products.

## COUNT III

### NEGLIGENT MISREPRESENTATION

105. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

106. Plaintiff is informed and believes, and thereon alleges, that at all relevant times, Defendants made representations to Plaintiff that misrepresented the quality of the services offered and benefits that would be realized by Plaintiff.

107. Defendant, at all times relevant, had a pecuniary interest in the transaction.

108. Plaintiff is informed and believes, and thereon alleges, that at all times relevant, Defendants did not exercise reasonable care or competence in obtaining or communicating the information regarding the debt relief services offered by Defendants.

## COUNT IV

### INTENTIONAL MISREPRESENTATION

109. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

110. Plaintiff is informed and believes, and thereon alleges, that Defendants intentionally and willfully misrepresented quality of the services offered and benefits that would be realized by Plaintiff.

111. Said representations were material misrepresentations.

112. Plaintiff is informed and believes, and thereon alleges, that at all relevant times, Defendants made the false representations to Plaintiff with full knowledge of its falsity.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

113. Plaintiff entered into a contract with Defendants based solely on the representations made by Defendants. Therefore, Plaintiff is informed and believes and thereon alleges, that at all relevant times Defendants intended that Plaintiff rely on the representations made by Defendants.

114. Plaintiff did in fact rely on the misrepresentations by Defendants causing Plaintiff harm.

### COUNT V

### NEGLIGENCE

115. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

116. Plaintiff believes and thereon allege that Defendants owed various duties to Plaintiff pursuant to CROA; and Cal. Bus. And Prof. Code § 17200, *et seq.* Specifically, Defendants owed a duty to Plaintiff with regard to the manner in which Defendants operates Defendants' debt relief company.

117. Defendants each breached Defendants' duties by engaging in the acts described herein each in violation of the CROA; and Cal. Bus. And Prof. Code § 17200, *et seq.*

118. Plaintiff asserts that Defendants are the actual and legal cause of Plaintiff's injuries.

119. Plaintiff believes and thereon alleges that as a proximate result of Defendants' negligence, Plaintiff has suffered severe emotional distress.

120. Due to the egregious violations alleged herein, Plaintiff asserts that Defendants breached Defendants' duties in an oppressive, malicious, despicable, gross and wantonly negligent manner. As such, said conduct establishes Defendants' conscious disregard for Plaintiff's rights and entitles Plaintiff to recover punitive damages from each Defendant.

## COUNT VI

### BREACH OF CONTRACT

121. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

122. The Parties entered into a contract in 2016 in order to assist Plaintiff in resolve her debts.

123. Plaintiff fulfilled Plaintiff's obligations pursuant to the Contract.

124. Defendants breached the Contract by failing to perform according to the terms of the contract.

125. Defendants breached the Contract by failing to negotiate on Plaintiff's behalf with Plaintiff's creditors.

126. Defendants breached the Contract by failing to take any action on Plaintiff's behalf despite being paid to do so.

127. Defendants' breach harmed Plaintiff resulting in Plaintiff being sued by her creditors on no less than three occasions.

128. Defendants' breach harmed Plaintiff by causing Plaintiff to receive no less than two judgments against her due to Defendants failure to represent her as contracted.

129. Defendants' breach harmed Plaintiff's credit has now been destroyed and it will take Plaintiff years to recover.

130. The terms of the Parties' Contract were clear enough that the Parties understood the Parties' respective obligations.

131. The Parties each agreed to give each other something of value as consideration for the Contract.

132.  The Parties agreed to the terms of the Contract.

133. The Parties agreed to be bound by the Contract.

134. Defendants' breach was the cause of Plaintiff's harm.

**PLAINTIFF CINNAMON SIMS' COMPLAINT FOR DAMAGES**

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

### TRIAL BY JURY

135. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demand, a trial by jury.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants for:

- General damages according to proof;
- Special damages according to proof;
- Costs of suit incurred herein;
- As a result of each and every violation of the CROA, an award of actual damages, the greater of (1) the amount of any actual damages sustained by Plaintiffs or (2) any amount paid by Plaintiff to Defendants pursuant to 15 U.S.C. § 1679g(a)(1)(A)-(B);
- An award of punitive damages, in such amount as the court may allow, pursuant to 15 U.S.C. § 1679g(a)(2)(A);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1679g(a)(3).
- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Bus. & Prof. Code § 17206(b), for Plaintiff;
- That Defendants be enjoined from continuing the wrongful conduct alleged herein and required to comply with all applicable laws;
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c) and Cal. Civ. Code § 1021.5 for Plaintiff;
- An award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1693m(a)(1) and 15 U.S.C. 1693m(a)(2)(A), against Defendants;
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1693m(a)(3);

- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1788.30(a), for Plaintiff;

- An award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b), for Plaintiff;

- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c) for Plaintiff;

- Punitive damages according to proof as to the Fifth Cause of Action against Defendants; and,

- Any and all other relief the Court deems just and proper.

Dated:  July 9, 2018                                    Respectfully submitted,

                                             KAZEROUNI LAW GROUP, APC


                              By: ____/s/ Matthew M. Loker____
                                             MATTHEW M. LOKER, ESQ.
                                             ATTORNEY FOR PLAINTIFF

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

**PROOF OF SERVICE**